**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIN MASTERSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONMOUTH UNIVERSITY, INC.,<br><br>Defendant. | Civil Action No. 3:26-cv-03233 |
| MATTHEW ENGLEHARDT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONMOUTH UNIVERSITY, INC.,<br><br>Defendant. | Civil Action No. 3:26-cv-03313 |
| JORDAN STAUB, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONMOUTH UNIVERSITY, INC.,<br><br>Defendant. | Civil Action No. 3:26-cv-03275 |

**JOINT STIPULATION AND ORDER TO CONSOLIDATE ACTIONS AND APPOINT <u>INTERIM CLASS COUNSEL</u>**

Pursuant to Rule 42 of the Federal Rule of Civil Procedure, Plaintiffs Erin Masterson, Matthew Englehardt, and Jordan Staub (collectively, "Plaintiffs") and Defendant Monmouth University, Inc. ("Monmouth University" or "Defendant") (collectively, the "Parties"), acting through their respective counsel of record, hereby represent as follows:

WHEREAS, the above-captioned cases arise out of the same alleged cybersecurity incident involving Defendant's computer system in or around March 2026 (the "Data Incident");

WHEREAS, Plaintiffs and putative Class Members are current or former students and/or employees who allege to have provided information to Monmouth University implicated in the Data Incident, and each decided to file their respective putative class action: *Masterson v. Monmouth University, Inc.*, Case No. 3:26-cv-03233; *Englehardt v. Monmouth University, Inc.*, Case No. 3:26-cv-03313; and *Staub v. Monmouth University, Inc.*, Case No. 3:26-cv-03275 (collectively, the "Related Actions"). Plaintiffs allege in all actions that the Data Incident made Plaintiffs' and the putative class members' personally identifiable information ("PII") potentially accessible to cybercriminals;

WHEREAS, the Related Actions focus on the same underlying factual premise—the Data Incident—and assert substantially identical claims on behalf of the same or substantially similar putative classes. Each plaintiff relies on the same set of alleged operative facts as to the Data Incident, asserts overlapping claims, on behalf of similarly defined classes, seeking similar relief;

WHEREAS, Monmouth University disagrees with the Plaintiffs' allegations, but the Parties agree that consolidation of the Related Actions for all pretrial purposes is appropriate under Federal Rule of Civil Procedure 42(a), which provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a);

WHEREAS, Plaintiffs served Monmouth University with the summons and complaint pursuant to Rule 4 and the deadline for Monmouth University to respond to the complaints is April 21, 2026 for *Masterson*, and April 24, 2026 for *Englehardt* and *Staub*;

WHEREAS, the Parties agree that Plaintiffs intend to file a Consolidated Complaint once the cases are consolidated;

WHEREAS, the Parties have agreed to consolidation and a subsequent schedule;

WHEREAS, Plaintiffs submit that the appointment of interim class counsel will provide cohesion to the representation of Plaintiffs in the consolidated action and will facilitate "efficiency and economy without jeopardizing fairness to the parties." MANUAL FOR COMPLEX LITIGATION §10.22 (4th ed. 2004) (interim counsel "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties 'counsel");

WHEREAS, Federal Rule of Civil Procedure 23 provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3);

WHEREAS, Plaintiffs submit that James E. Cecchi of Carella, Byrne, Cecchi, Brody & Agnello, P.C. has worked diligently to investigate Data Incident and identify potential claims; has significant experience in litigating data breach class actions; and has in-depth knowledge of the applicable law and adequate resources to commit to representing the proposed class of affected individuals. Plaintiffs submit that James E. Cecchi has been appointed as lead or co-lead class counsel in data breach class actions in this District and around the country. *See e.g., In re HealthEC LLC Data Breach Litig.*, 24-cv-0026 (D.N.J.); *Graycar v. Capital Health Systems, Inc.*, 23-cv-23234 (D.N.J.); *In re Am. Fin. Resources, Inc. Data Breach Litig.*, 22-cv-1757 (D.N.J.), *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 19-md-2904 (D.N.J.);

WHEREAS, Plaintiffs submit that the appointment of James E. Cecchi of Carella, Byrne, Cecchi, Brody & Agnello, P.C. as Interim Class Counsel, pursuant to Fed. R. Civ. P. 23(g), is appropriate. *See* Fed. R. Civ. P. 23(g)(3) (establishing that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action");

WHEREAS, Monmouth University does not object to the appointment of Mr. Cecchi as Interim Counsel;

**THEREFORE IT IS HEREBY STIPULATED AND AGREED**, subject to Court approval, that:

1. Pursuant to Fed. R. Civ. P. 42(a), *Englehardt v. Monmouth University, Inc.*, Case No. 3:26-CV-03313, and *Staub v. Monmouth University, Inc.*, Case No. 3:26-CV-03275 are consolidated into the *Masterson* Action, as well as any subsequently filed or transferred actions arising from the same subject matter for all pretrial purposes, with the new title "*In re Monmouth University Data Breach Litigation.*"

2. The clerk shall establish a Docket for the Consolidated Action under Civil Action No. 3:26-CV-03233-RK-JBD. All papers on the docket shall bear the caption:

| | |
|---|---|
| IN RE: MONMOUTH UNIVERSITY DATA BREACH LITIGATION | Civil Action No. 3:26-cv-03233-RK-JBD |

3. No further filings shall be made in either Case No. 3:26-cv-03313 or 3:26-cv-03275, which shall be administratively closed. All pleadings therein shall maintain their legal relevance until the filing of the Consolidated Complaint. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

4. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

5. Plaintiffs shall file a Notice of Related Case whenever a case that should be consolidated into this Action is filed in or transferred to this District. If the Court determines that the case is related, the clerk shall:

a. Place a copy of this Order in the separate docket for such action;

b. Serve on Plaintiffs' counsel in the new case a copy of this Order;

c. Direct this Order to be served upon Defendant(s) in the new case; and

d. Make the appropriate entry on the Master Docket.

6. Pursuant to Rule 23(g)(l)(A)(i)-(iv), James E. Cecchi of Carella, Byrne, Cecchi, Brody & Agnello, P.C. is appointed as Interim Class Counsel.

7. Interim Class Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the Consolidated Action. Specifically, Interim Class Counsel shall have the following responsibilities, duties and sole authority to:

a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

c. Convene meetings amongst counsel;

d. Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

e. Delegate specific tasks to plaintiffs' counsel in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g. Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

h. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

i. Serve as the primary contact for communications between the Court and other Plaintiffs' counsel;

j. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

k. Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

l. Make available to other Plaintiffs' counsel documents produced by the Defendants; and

m. Allocate attorneys' fees.

8. Any other plaintiffs' counsel will perform work in this litigation only at the direction of Interim Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Class Counsel.

9. Interim Class Counsel shall have sole authority to communicate with Defendant's counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of any plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Class Counsel, and such agreements shall be binding on all other plaintiffs' counsel.

10. This Stipulation and Order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the alleged facts and the data breach underlying this litigation.

11. The following briefing schedule is established for the filing and briefing of a Consolidated Complaint:

a. Plaintiffs' Consolidated Class Action Complaint shall be filed within **45 days** after appointment of interim class counsel; and

b. Within **45 days** of filing of the Consolidated Class Action Complaint, Defendant shall file an answer to the Consolidated Class Action Complaint or a pre-motion letter advising of their intent to file a motion to dismiss and requesting a pre-motion conference as set forth in Judge Kirsch's Judicial Rules and Procedures;

c. If, after completing the pre-motion conference process, Defendant files a motion to dismiss, Plaintiffs will have **45 days** from the motion's filing to file a response; and

d. Defendant has **21 days** to file its reply in support of any motion to dismiss the Consolidated Class Action Complaint.

12. In light of the anticipated Consolidated Class Action Complaint, the current deadlines for Monmouth University to respond to Plaintiffs' complaints are extended in accordance with the above schedule.

**IT IS SO STIPULATED.**

*/s/Gerald D. Wells, III*
**Gerald D. Wells, III**
LYNCH CARPENTER LLP
(N.J. I.D. No. 040652001)
1760 Market Street
Suite 600
Philadelphia, PA 19103
(267) 609-6910
jerry@lcllp.com

**Nicholas A. Colella***
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
nickc@lcllp.com

*Attorneys for Plaintiff Erin Masterson*

*/s/ James E. Cecchi*
**James E. Cecchi, Esq.**
**Jason H. Alperstein, Esq.**
CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
jcecchi@carellabyrne.com
jalperstein@carellabyrne.com

*Attorneys for Plaintiffs Matthew Englehardt and Jordan Staub*

*/s/ Eric R. Fish*
**Eric R. Fish**
BAKER & HOSTETLER LLP
(N.J. I.D. No. 019001998)
45 Rockefeller Plaza
New York, NY 10111-0100
Tel: (212) 589-4200
Email: efish@bakerlaw.com

**Casie D. Collignon***
BAKER & HOSTETLER LLP
1801 California St, Suite 4400
Denver, CO 80202
Tel: (303) 861-0600
Email: ccollignon@bakerlaw.com

*Attorneys for Defendant Monmouth University, Inc.*

* *pro hac vice forthcoming*

**Mark K. Svensson**
MILBERG, PLLC
405 East 50th Street
New York, New York 10022
Telephone: (202) 975-0468
msvensson@milberg.com

*Attorneys for Plaintiff Matthew Englehardt*

**Ken Grunfeld**
KOPELOWITZ OSTROW P.A. 65 Overhill Rd
Bala Cynwyd, PA 19004
Telephone: (954) 525-4100
grunfeld@kolawyers.com

**Jeff Ostrow***
KOPELOWITZ OSTROW P.A. One W Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
ostrow@kolawyers.com

*Attorneys for Plaintiff Jordan Staub*

* *pro hac vice forthcoming*

**IT IS SO ORDERED** this 5th Day of May, 2026

/s/
Hon. Robert Kirsch
United States District Judge